IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:23-cv-02904-NYW-MDB

**CATHERINE DECKER**,

    Plaintiff,

v.

**LOWE'S HOME CENTERS, LLC**,

    Defendant.

---

### DEFENDANT'S ANSWER AND JURY DEMAND

Defendant, Lowe's Home Centers, LLC, by and through its attorneys, Sutton | Booker P.C., hereby submits the following Answer and Jury Demand:

### PREFATORY ALLEGATIONS

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's complaint.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's complaint.

4. Defendant admits it was a "landowner" as defined by the Colorado Premises Liability Act of the real property located in El Paso County, City of Fountain, State of Colorado at 7710 Fountain Mesa Road, Fountain, CO 80817, but denies any remaining allegations in paragraph 4 of Plaintiff's complaint to the extent they are inconsistent with the law.

5. Defendant admits that Plaintiff was an "invitee" as defined by the Colorado Premises Liability Act, C.R.S. § 13-21-115. Defendant is without knowledge or information

sufficient to form a belief as to the remaining allegations in paragraph 5 of the Plaintiff's complaint, and therefore denies such allegations.

6. Defendant admits that Plaintiff appears to have walked near a white pillar located in the aisle of the subject property in which refrigerators were displayed. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's complaint.

7. Defendant denies that the area of the subject incident was dangerous. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7 of the Plaintiff's complaint, and therefore denies such allegations.

8. Defendant has removed this case to federal court and on this basis denies the allegations in paragraph 8 of the Plaintiff's complaint.

9. Defendant has removed this case to federal court and on this basis denies the allegations in paragraph 9 of the Plaintiff's complaint.

**CLAIM FOR RELIEF**
**PREMISES LIABILITY LANDOWNER/OCCUPANT**
**LIABILITY TO INVITEES UNDER C.R.S. § 13-21-115**

10. Defendant hereby incorporates the responses set forth in paragraphs 1 through 9 as if fully set forth herein.

11. Defendant admits that Plaintiff was an "invitee" as defined by the Premises Liability Act, C.R.S. § 13-21-115, but denies any remaining allegations in paragraph 11 to the extent that they are inconsistent with the law.

12. Defendant admits it is a landowner, as that term is defined in The Premises Liability Act, C.R.S. § 13-21-115, of the subject premises at all times relevant to the Complaint. Defendant denies the remaining allegations in paragraph 12 to the extent they are inconsistent with the law.

13. Defendant admits the allegations in paragraph 13 of Plaintiff's complaint.

14. Defendant denies it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and other customers of the store similarly situated. Regarding the remaining allegations in paragraph 14 of Plaintiff's complaint, Defendant admits it has the duties set forth in The Premises Liability Act, C.R.S. § 13-21-115 and denies any contrary allegations in paragraph 14 of Plaintiff's complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's complaint.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The alleged injuries and damages, if any, were proximately caused by the comparative negligence of Plaintiff, precluding or reducing any recovery pursuant to C.R.S. § 13-21-111.

2.	The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages precludes recovery on those injuries and damages.

3.	Plaintiff's claims for non-economic loss are limited by the provisions of C.R.S. §13-21-102.5.

4.	Defendant reserves the right to supplement these affirmative defenses as discovery progresses.

WHEREFORE, having fully answered, Defendant, Lowe's Home Centers, LLC, respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant and award Defendant its costs and expenses, and such further relief as this Court deems proper.

DEFENDANT DEMANDS TRIAL TO A JURY OF SIX ON ALL ISSUES.

Respectfully submitted this 9th day of November 2023.

SUTTON | BOOKER | P.C.

*/s/ Rachel T. Jennings*
Rachel T. Jennings
Ashley R. Larson
Sutton | Booker | P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  rjennings@suttonbooker.com
alarson@suttonbooker.com
**Attorneys for Defendant, Lowe's Home Centers, LLC**

Defendant's address:
1000 Lowe's Blvd.

Mooresville, NC 28117

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2023, I electronically filed a true and correct copy of the above and foregoing Defendant's Answer and Jury Demand with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Edward A. Bills
Bills Law, LLC
P.O. Box 38333
Colorado Springs, Colorado 80937
*Attorney for Plaintiff*

                                                */s/ Krystle L. Young*
                                                *A duly signed original is on file at*
                                                *Sutton | Booker | P.C.*